**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FREDDIE L. WELLS,              ) | No. CV 06-7123 CW |
|                          )      | |
|            Plaintiff,    )      | DECISION AND ORDER |
|      v.                  )      | |
|                          )      | |
| MICHAEL J. ASTRUE,       )      | |
| Commissioner, Social Security ) | |
| Administration,          )      | |
|                          )      | |
|            Defendant.    )      | |
|  _____) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the denial of disability benefits.  The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

## I. BACKGROUND

Plaintiff Freddie Wells was born on May 20, 1956, and was forty-nine years old at the time of his administrative hearing.  [Administrative Record ("AR") 57, 240.]  He has three years of college

education and past relevant work experience as a data entry clerk[1] and sandblaster. [AR 244-45.] Plaintiff alleges disability on the basis of back and neck pain, legs lock and memory problems. [AR 22.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on November 6, 2006, and filed on November 14, 2006. On May 14, 2006, defendant filed an answer and plaintiff's Administrative Record ("AR"). On August 21, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") on July 22, 2003, alleging disability since February 1, 2001; and supplemental security income ("SSI") on June 16, 2003, alleging disability since December 25, 1999. [AR 57, 190.] After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on October 17, 2005, before Administrative Law Judge ("ALJ") Ariel Sotolongo. [AR 240.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert Sandra Schneider. [Id.] The ALJ denied benefits in a decision dated March 9, 2006. [AR 26.] When the Appeals Council denied review on October 11, 2006, the ALJ's decision became the Commissioner's final decision. [AR 6.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

---

[1] The issue of whether plaintiff's experience as data entry clerk constitutes past relevant work is discussed at pp. 7-8, infra.

Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.   DISCUSSION

### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at

least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date (step one); that plaintiff had "severe" impairments, namely degenerative disc disease of the cervical spine (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 26.] Plaintiff was found to have an RFC for work at the light exertional level, with a notable limitation to occasional bilateral overhead reaching. [Id.] The vocational expert testified that a person with plaintiff's RFC was not precluded from performing plaintiff's past relevant work as a data entry clerk (step four). [Id.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

### C. ISSUE IN DISPUTE

The parties' Joint Stipulation identifies one disputed issue: whether the ALJ properly determined that plaintiff can perform his past relevant work in light of his residual functional capacity. [JS 3.]

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

### D. PLAINTIFF'S PAST RELEVANT WORK

During the administrative hearing, plaintiff testified that for approximately four years, he was employed as a data entry clerk at the Midnight Mission and a temporary staffing agency. [AR 244, 245.] Plaintiff's disability application indicates that he performed data entry work from September 1996 or 1997 to December 2000[3]; it further indicates that he worked eight hours per day, five days per week. [AR 80-82, 111.] Plaintiff's annual earnings for this period ranged from $219.23 to $6151.59. [AR 61.]

In the administrative decision, the ALJ found that plaintiff had an RFC for light work with an additional restriction to occasional overhead reaching in view of plaintiff's degenerative disc disease of the cervical spine and resulting neck pain. [AR 24.] As to whether an RFC for light work precluded the performance of plaintiff's past work as a data entry clerk, the vocational expert testified that it would not. [AR 251.] When asked specifically whether plaintiff's restriction against more than occasional overhead reaching changed this opinion, the vocational expert replied that it did not. [Id.] Accordingly, the ALJ found that plaintiff was not precluded from performing his past relevant work as a data entry clerk. [AR 25.]

Plaintiff contends that this finding constituted reversible error because: (1) plaintiff had insufficient earnings as a data entry clerk for the work to be classified as substantial gainful activity or past relevant work for the purpose of the step four evaluation; and (2) the particular finding of plaintiff's limitation to occasional overhead

---

[3] In December 2000, plaintiff sustained injuries in an automobile accident that form the basis of his disability claim. [AR 118.]

1  bilateral reaching conflicts with the description in the Dictionary of
2  Occupational Titles ("DOT") of data entry clerical work, which
3  includes a requirement for frequent reaching. [JS 7, 12.]
4     "Substantial gainful activity is work done for pay or profit that
5  involves significant mental or physical activities." Lewis v. Apfel,
6  236 F.3d 503, 515 (9th Cir. 2001)(citations omitted). One measure of
7  substantial gainful activity is the amount of a claimant's earnings.
8  20 C.F.R. §§ 404.1574(1), 416.974(1). During the period relevant to
9  plaintiff's disability claim, monthly earnings exceeding five hundred
10 dollars generally indicates the performance of substantial gainful
11 activity. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). Earnings,
12 however, are not the sole factor in the determination of substantial
13 gainful activity; additional factors include "the nature of the
14 claimant's work, how well the claimant does the work, if the work is
15 done under special conditions, if the claimant is self-employed, and
16 the amount of time the claimant spends at work." Lewis, 236 F.3d at
17 515-16 (citing 20 C.F.R. §§ 404.1573, 416.973).
18    In this case, plaintiff's earning record establishes a
19 presumption that he engaged in substantial gainful activity based
20 solely on earnings for at least one year, in 1996, when he earned
21 $6151.59. [AR 61.] Consideration of other factors supports a finding
22 that plaintiff engaged in substantial gainful activity during this
23 period: plaintiff's four-year duration of employment, as well as the
24 fact that he worked eight hours per day for five days a week, indicate
25 that he performed data entry work at least at a satisfactory level and
26 spent a significant amount of time at work on a regular and continuing
27 basis. Cf. Lewis, 236 F.3d at 516 (finding no substantial gainful
28 activity when claimant could not work twenty hours per week on a

regular and continuing basis, was repeatedly sent home for illness, and was criticized for his work performance). Under these circumstances, the ALJ's classification of plaintiff's experience as a data entry clerk as substantial gainful activity was supported by substantial evidence.

Plaintiff's second claim, that the ALJ erred in deciding plaintiff could return to data entry work despite his limitation in overhead reaching, is also without merit. As noted above, the DOT provides that the job of data entry clerk requires "frequent" reaching, which is defined as an activity required from one-third to two-thirds of the workday, while plaintiff is limited to "occasional" overhead bilateral reaching. See DOT Section 203.582-054 (Data Entry Clerk). For the purposes of the DOT, however, "reaching" is defined as "[e]xtending hand(s) and arm(s) in any direction." See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), Appendix C. (emphasis added). There is no such classification for overhead reaching; moreover, the DOT description of the data entry clerk occupation does not specifically indicate that the job predominately involves overhead reaching rather than other types of reaching. Accordingly, even a job requiring frequent reaching would not necessarily require more than occasional overhead reaching.

More importantly, the vocational expert was specifically questioned about plaintiff's limitation to occasional bilateral overhead reaching, but affirmed that the data entry job could be performed with that limitation. In other words, the job would not require more than occasional bilateral overhead reaching. In view of these circumstances, the vocational expert's testimony did not

conflict with the DOT, but clarified how the broad categories of functioning in the DOT applied to the specifics of the case. See Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000)("To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT in this case, we agree with the majority of the circuits [including the Ninth Circuit] that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so . . . [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation."). Even assuming that the vocational expert's testimony could reasonably be construed as creating a conflict with the classifications of the DOT, the latter was rebutted by vocational evidence that the data entry position would not require more than occasional bilateral overhead reaching. See Johnson v. Shalala, 60 F.3d 1428, 1436 (9th Cir. 1995)(holding that the DOT is rebuttable by persuasive evidence, i.e., vocational expert testimony regarding specific characteristics of available jobs that did not exceed the claimant's limitations).[4] Accordingly, the vocational expert's testimony that plaintiff could return to his position of data entry

---

[4] The Ninth Circuit has recently held an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT and whether the vocational expert's explanation for the conflict is reasonable. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007); see also Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 at *2. In this case, the ALJ's failure to make such an inquiry constituted error under Massachi. However, such a procedural error is harmless when there is "no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts." Massachi, 486 F.3d at 1154 n. 19. Based on the discussion above, the ALJ's failure to make the inquiry was harmless error.

clerk constituted substantial evidence supporting the decision to deny benefits.

## V.   ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.
2. This action is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: October 12, 2007

```
          _____/s/_____
                CARLA M. WOEHRLE
             United States Magistrate Judge
```